**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RENE GUADALUPE QUINTERO MEZA,<br><br>Defendant. | Case No. 1:20-cr-00027 JLT SAB<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE<br><br>(Doc. 103) |

Rene Guadalupe Quintero Meza was indicted on three charges under the Controlled Substances Act. (Doc. 17.) He entered a guilty plea with respect to the first charge, i.e., for conspiracy to distribute a controlled substance (methamphetamine), under a plea agreement with the government, and in April 2023, the Court imposed a prison sentence of 97 months, a variance below the bottom of the advisory Guidelines range. (*See* Docs. 65, 81, 83, 90.)

The United States Sentencing Commission later amended the Sentencing Guidelines to include the "zero-point offender" provision now found in § 4C1.1. *See* U.S. Sent. Comm'n Am. 821 (Nov. 1, 2023). The amended provision creates a two-point reduction in offense level for defendants with no qualifying criminal history if they satisfy other criteria. *See* U.S.S.G. § 4C1.1(a). The Sentencing Commission included this change on the list of covered amendments that can serve as the basis for a motion for a retroactive sentence reduction under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(1), (d). Quintero Meza met the qualifications for such a

1

reduction, and the parties filed a stipulated motion to reduce his sentence, which the Court granted in March 2024.  (Doc. 90.)  His prison sentence was reduced to 87 months.  (*See* Doc. 91.)

In November 2025, Defendant filed a pro se motion to reduce his sentence under § 3582(c)(2), again citing the zero-point offender provision discussed above, along with several other Guidelines provisions and amendments.  (Doc. 103.)  The Court referred the matter to the Office of the Federal Defender, which gave notice that it would not assume the representation.  (Doc. 105.)  The government opposes the motion.  (Doc. 106.)  The Court permitted Defendant to file an optional pro se reply, but he has not done so.  (Doc. 104.)

Defendant has not identified any provisions or amendments that could serve as the basis of further reduction under § 3582(c)(2).  He received the benefit of the retroactive changes related to "zero-point offenders" in 2024 and cannot rely on these provisions to request a further reduction.  The remaining amendments and Guidelines provisions he cites (Amendments 782, 814, 815, 818, 819, 820, and 829) were either already in effect at the time of his 2023 sentencing or were omitted from the list of amendments that can be applied retroactively under § 1B1.10(a) and (d).  Thus, the pro se motion (Doc. 103) is thus **DENIED**.

IT IS SO ORDERED.

Dated:    **April 7, 2026**

_____
UNITED STATES DISTRICT JUDGE